UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| CLYDE STEVEN BIBBY, | ) | |
| Petitioner, | ) | 2:07-cv-00140-LRH-RJJ |
| vs. | ) | ORDER |
| STATE OF NEVADA, *et al.*, | ) | |
| Respondents. | ) | |

This action is a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. The Court received the original petition on February 2, 2007. (Docket #1). This action proceeds on the amended petition, filed March 21, 2008. (Docket #18).

Previously, respondents brought a motion to dismiss the petition, because petitioner had named the wrong respondent on the caption page of the petition. (Docket #20). The Court granted that motion on the stated ground, but noted that petitioner had filed an amended caption page naming Warden Neven as the proper respondent. (Docket #23). The Court further ordered respondents to file a response to the amended petition. The amended petition is identical to the original petition, aside from the amended caption page. (Docket #6 and #18).

Presently before the Court is respondents' second Rule 12 motion challenging the petition. (Docket #25). Respondents have filed a motion for a more definite statement pursuant to Rule 12(e). "A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."

Fed. R. Civ. P. 12(e). Motions for more definite statement are disfavored, and their disposition is within the Court's discretion. *See generally* 5A, C. Wright and A. Miller, *Federal Practice and Procedure: Civil 2d,* § 1377. As respondents surely are aware, the majority of habeas corpus cases in this Court are litigated by prisoners *pro se*. There are not resources to provide every habeas petitioner with counsel.

In its review of the amended petition, the Court observes that petitioner's *pro se* petition sets forth at least the following claims: Ground One contains a *Strickland* ineffective assistance of counsel claim regarding counsel's alleged failure to cross examine a witness (Mr. Crossman, the store owner) regarding a missing disk containing video surveillance of the robbery and burglary of a store, for which petitioner was convicted. Petitioner contends that he was not a willing participant in the robbery/burglary, but rather, an assailant pointed a gun at him in an attempt to rob him, but petitioner having no money, the assailant demanded that petitioner commit the store robbery with him. (*See* Amended Petition, Docket #18, at p. 9). Petitioner obviously considers the contents of the disk to be exculpatory in nature, as petitioner states that "if the disk had been allowed [presented] petitioner's claim of not being a willing participant would have been proven." (Docket #18, at p. 3).

In Ground One, petitioner further claims that his counsel failed to investigate the existence of the surveillance disk. Petitioner also appears to allege that his counsel either should or should not have filed a motion in limine to suppress the disk. (*Id.*). Reference to the record in this case should clarify the issue as to whether or not counsel filed a motion regarding the disk, thus allowing respondents to form a proper response.

Ground One also contains a *Brady* claim, to the extent that petitioner has cited the *Brady* decision and alleges that the prosecution withheld the surveillance disk containing exculpatory evidence.

In Ground Two, petitioner claims ineffective assistance of counsel because his attorney failed to request a jury instruction concerning evidence which should have been preserved for trial and that is lost or destroyed, but for which there is no evidence of willful suppression. (Docket #18, at p. 7).

2

In Ground Three, petitioner claims ineffective assistance of counsel because his attorney failed to investigate a gun found in the vehicle used by an assailant. (Docket #18, at p. 9). Petitioner claims that an unknown assailant pointed a gun at him and attempted to rob him, and that when petitioner had no money, the assailant demanded that petitioner commit a robbery with him, forcing petitioner to drive to the store that was robbed. (*Id.*).

In sum, the *pro se* amended petition in this case is not so vague and ambiguous that respondents cannot reasonably be required to respond. Furthermore, petitioner alleges that he presented each of his claims in state court. Reference to the record of the state-court proceedings should therefore help respondents in determining the range of petitioner's claims. Respondents must address petitioner's claims by filing an answer. No further motions to dismiss the petition are permitted. If respondents have additional procedural arguments, such arguments shall be set forth in the answer, in addition to a substantive discussion of the petition.

**IT IS THEREFORE ORDERED** that respondents' motion for a more definite statement (Docket #25) is **DENIED.**

**IT IS FURTHER ORDERED** that, within **thirty (30) days** from the date of entry of this order, respondents **SHALL FILE an answer** to the amended petition (Docket #18), addressing all substantive and procedural grounds that they wish the Court to consider. **No further motions to dismiss will be entertained**. In filing the answer, respondents shall comply with the requirements of Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254.

**IT IS FURTHER ORDERED** that petitioner may file his reply to the answer, if any, no later than **thirty (30) days** after being served with the answer.

**IT IS FURTHER ORDERED** that petitioner's motion at Docket #26 is **DENIED** as moot.

DATED this 27th day of May, 2009.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE